UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 1:22-cr-10189-IT |
| EMILIANO GUZMAN-MADERA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

April 16, 2025

TALWANI, D.J.

Before the court is Defendant Emiliano Guzman-Madera's <u>Assented-To Motion for Early Termination of Supervised Release</u> [Doc. No. 7].[1] For the reasons below, the Motion is GRANTED.

On August 31, 2007, Guzman-Madera was sentenced in the District of Puerto Rico to 216 months of incarceration followed by five years of supervised release. <u>See</u> Judgment [Doc. No. 2-2]. On August 4, 2021, Guzman-Madera was released from the Bureau of Prisons, and on July 26, 2022, jurisdiction over his case was transferred to the District of Massachusetts. <u>See</u> Transfer of Jurisdiction [Doc. No. 1]. He has completed 44 months of supervised release. <u>See</u> <u>id.</u>

Guzman seeks early termination of supervised release based on his successful community reintegration, including: full compliance with all the conditions of his supervised release; his successful retention of consistent, full-time employment; his maintenance of stable and positive family relationships; his active participation as a congregant at a church; and his management of significant health challenges. Mot. for Early Term. of Supervised Release 3–4 [Doc. No. 7].

---

[1] Defendant reports that the United States assents, but that Probation is unable to assent based on a leadership enhancement at sentencing. <u>See</u> Certificate of Consultation [Doc. No. 9].

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends[.]" United States v. Johnson, 529 U.S. 53, 59 (2000). A court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court must consider most of the sentencing factors set forth in 18 U.S.C. § 3553(a). See id. § 3583(e) (listing § 3553(a) factors but excluding § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense")).

The court finds that early termination is warranted by Guzman-Madera's conduct while on supervised release and the interest of justice. See 18 U.S.C. § 3583(e)(1). Two of the sentencing factors, sentencing disparities and restitution, are not at issue here. See 18 U.S.C. § 3553(a)(6), (7). Deterrence and protection of the public have been realized by Guzman-Madera's time spent incarcerated and under supervised release. See id. § 3553(a)(2)(B)-(D). Although Guzman-Madera had a high guideline sentence based on the quantity of drugs involved, he had no prior convictions at the time of his sentencing. See id. § 3553(a)(1). Finally, a pertinent policy statement from the Sentencing Guidelines "encourage[s]" the court to "exercise [its early termination] authority in appropriate cases." USSG § 5D1.2, App. Note 5; see 18 U.S.C. § 3553(a)(4), (5). The court finds this to be an appropriate case.

Accordingly, Guzman-Madera's Assented-To Motion for Early Termination of Supervised Release [Doc. No. 7] is GRANTED.

IT IS SO ORDERED.

April 16, 2025                                    /s/ Indira Talwani
                                                  United States District Judge

2